UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALIM JETHA,
*as Trustee for Voting Trust of Limited*
*Partners of Belleview Biltmore Resort, Ltd.*,

    Plaintiff,

vs.                                                      CASE NO. 8:08-CV-402-T-24TBM

BH & RMC, LLC,
*a Florida Limited Liability Company*,

    Defendant.
_____/

## **ORDER**

    This cause comes before the court on a Motion for Remand filed by Plaintiff Salim Jetha, as Trustee for Voting Trust of Limited Partners of Belleview Biltmore Resort, Ltd. (Doc. No. 7.) Defendant BH & RMC, LLC has filed a response in opposition to the motion. (Doc. No. 9.)

**I.**    **Facts and Procedural History**

    On or about January 24, 2008, Plaintiff Salim Jetha filed this action in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. The complaint was filed in Salim Jetha's own name, as Trustee for Voting Trust of Limited Partners of Belleview Biltmore Resort, Ltd. ("Belleview"). Plaintiff does not state that he is seeking monetary damages, but instead seeks equitable relief in the form of removing Defendant BH & RMC, LLC as the General Partner of Belleview pursuant to Florida Statute § 620.1603(5).

    On February 28, 2008, Defendant filed its Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441. (Doc. No. 1). It asserted that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of

citizenship between the parties and because the amount in controversy exceeds $75,000.

On March 27, 2008, Plaintiff filed the instant Motion to Remand pursuant to 28 U.S.C. § 1447, arguing that the amount in controversy does not exceed $75,000. Defendant opposes this motion. The parties do not dispute that they are citizens of different states for purposes of diversity jurisdiction.

## II.     Standard of Review

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). The removing party must make "an affirmative showing . . . of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). Where a plaintiff is seeking injunctive or equitable relief, "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enterprise Ren a Car*, 279 F.3d 967, 973 (11th Cir. 2002).

## III.    Discussion

Plaintiff argues that Defendant has not and cannot satisfy the requisite amount in controversy because Plaintiff is not seeking any monetary relief in this suit. Instead, as acting trustee of the limited partners voting trust, Plaintiff merely seeks removal of Defendant as the

General Partner for Belleview. Plaintiff argues that although he has alleged ways in which Defendant has injured the limited partnership, including Defendant's failure to make monetary distributions that exceed $75,000, such potential damages are not sought in the instant case, and any argument that such damages would flow from the removal of Defendant as General Partner is too speculative and immeasurable to satisfy the amount in controversy requirement.

The Court disagrees. Defendant has shown that, although the central relief sought in this action is not expressly monetary in nature (i.e., the statutory removal of Defendant as Belleview's general partner and the resulting control over Belleview), the value of that relief exceeds $75,000. According to Plaintiff's own complaint, this dispute centers on the proceeds of the sale of the Belleview Resort, which had a sale price of more than $34 million. Plaintiff alleges that Defendant failed to distribute proceeds from that sale in the amount of $1 million to the limited partners of Belleview. If Plaintiff received the equitable relief he seeks in this case–Defendant's removal as General Partner–Plaintiff would then be in a position to ensure that Belleview receives these proceeds, as well as control over the remaining assets, which include a mortgage note with a principal amount of more than $26 million.

Furthermore, Plaintiff's complaint is premised on the allegation that Defendant committed improper acts that have ramifications for Plaintiff far exceeding $75,000. For example, Plaintiff alleges that Defendant's mismanagement forced the partnership to spend tens of thousands of dollars per month and caused the partnership to receive advances in the amount of $12 million. Accordingly, the allegations in the complaint, the Notice of Removal, and the accompanying evidence demonstrate that this action was properly removed to federal court, as the value of the relief sought in this case far exceeds $75,000.

**IV.     Conclusion**

The Court concludes that Defendant has sustained its burden of establishing jurisdiction. Therefore, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Remand (Doc. No. 7) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida this 28th day of April, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record